IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-00145-NYW-KAS

RUSSELL SINGLETARY,

    Plaintiff,

v.

DR. SUSAN COURTNEY CONROY,
JUAN COLON,
BUREAU OF PRISONS, and
UNITED STATES OF AMERICA,

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge issued by the Honorable Kathryn Starnella on February 11, 2025. [Doc. 42]. Judge Starnella recommends that Defendants' Partial Motion to Dismiss Second Amended Complaint (the "Motion" or "Motion to Dismiss"), [Doc. 29], be granted, *see* [Doc. 42 at 1]. Plaintiff Russell Singletary ("Plaintiff" or "Mr. Singletary") has objected to the Recommendation, [Doc. 43], and the Court concludes that it may rule on Plaintiff's objections without awaiting a response from Defendants, *cf.* D.C.COLO.LCivR 7.1(d). For the reasons set forth in this Order, Plaintiff's objections are respectfully **OVERRULED** and the Recommendation is **ADOPTED**.

**LEGAL STANDARDS**

**I.   Rule 72(b)**

A district court may refer a dispositive motion to a magistrate judge for recommendation.  28 U.S.C. § 636(b)(1)(B).  The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Id.* at 1059 (quotation omitted).

**II.   Rule 12(b)(1)**

Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Rule 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim.  Instead, it is a determination that the court lacks authority to adjudicate the matter."  *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)).

**III.   Rule 12(b)(6)**

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In deciding a motion under

2

Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

## IV.     Pro Se Filings

Because Plaintiff proceeds pro se, the Court affords his filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## BACKGROUND

Judge Starnella provides a detailed recitation of the factual and procedural history of this case, *see* [Doc. 42 at 2–4], and the Court repeats it here only as necessary to resolve Plaintiff's objections. Mr. Singletary initiated this civil action on January 12, 2024. *See* [Doc. 1].[1] He filed his Second Amended Complaint, the operative pleading in this action, on April 11, 2024. *See* [Doc. 9].

---

[1] In his objections, Plaintiff refers to himself as "Applicant," names "JF Williams, Warden" as the "Respondent" in the caption, and asks the Court to "GRANT his application for writ of habeas corpus." [Doc. 43 at 1–2]. But Plaintiff did not file a petition for a writ of habeas corpus in this case—he filed a civil complaint. *See* [Doc. 1]; *see also Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) (explaining the difference between a habeas corpus proceeding and a civil rights action). The Court observes that Plaintiff

3

Mr. Singletary alleges that he was scheduled for a double tooth extraction at FCI Englewood on July 14, 2022. [*Id.* at ¶ 3]. Defendant Juan Colon ("Dr. Colon") "was unable to successfully remove [Plaintiff's] tooth" and "began to pull forcefully on the tooth until [Plaintiff] was jerked out of the chair," which Plaintiff alleges caused an injury to his neck. [*Id.* at ¶¶ 4–5]. Plaintiff had severe neck pain for days and reported his injury to Nurse Amanda Garcia ("Nurse Garcia"), but he was not given pain medication or other treatment. [*Id.* at ¶ 5]. In February 2023, Plaintiff spoke to Defendant Susan Courtney Conroy ("Dr. Conroy") about his neck pain and lack of treatment. [*Id.* at ¶ 6]. He reported a number of symptoms to Dr. Conroy, including numbness and dizziness; Dr. Conroy told Plaintiff that she would order an MRI, but she "did nothing else to treat [his] symptoms." [*Id.*]. Plaintiff alleges that neither Nurse Garcia nor Dr. Conroy ever provided him treatment for his neck injury. [*Id.* at ¶ 8].

Plaintiff also alleges that he uses a wheelchair. [*Id.* at ¶ 9]. According to Plaintiff, FCI Englewood does not have an accessible wheelchair ramp that permits him to use areas for psychology services and recreation. [*Id.*]. Though FCI Englewood staff have directed him to an "alternate route," facility staff have only permitted him to use this route "two times in the last four years." [*Id.* at ¶ 10].

Plaintiff asserts five claims in this case: (1) a negligence claim under the Federal Tort Claims Act ("FTCA") arising out of Dr. Colon's medical treatment on July 14, 2022

---

does have an active habeas corpus case against J.F. Williams that was initiated on December 26, 2024. *See Singletary v. Williams*, No. 24-cv-03576-RTG, ECF No. 1 (D. Colo. Dec. 26, 2024). Because the substance of Plaintiff's objections are plainly directed to Judge Starnella's Recommendation, *see* [Doc. 43 at 1–2], the Court concludes that, despite the erroneous caption and designations, Plaintiff's objections relate to and were properly filed in this case.

4

("Claim One"); (2) a medical negligence claim under the FTCA based on Nurse Garcia's[2] and Dr. Conroy's alleged failure to treat his neck injury ("Claim Two"); (3) an Eighth Amendment medical deliberate indifference claim against Dr. Conroy ("Claim Three"); (4) a Rehabilitation Act claim against the Bureau of Prisons ("BOP") based on the lack of wheelchair accessibility at FCI Englewood ("Claim Four"); and (5) a claim under the Freedom of Information Act ("FOIA") seeking Plaintiff's medical records from the BOP. [*Id.* at 4–7]. On August 23, 2024, Defendants moved to dismiss Claims One through Four under Rules 12(b)(1) and 12(b)(6). *See generally* [Doc. 29]. Plaintiff responded in opposition to the Motion to Dismiss, [Doc. 35], and Defendants replied, [Doc. 36].

Judge Starnella recommends that the Motion to Dismiss be granted. [Doc. 42 at 1]. First, she recommends that Claim One and Claim Two be dismissed without prejudice based on Plaintiff's failure to comply with Colorado's certificate-of-review requirement for medical negligence claims. [*Id.* at 6–11]. Then, she recommends that Claim Three be dismissed for lack of an available Bivens remedy. [*Id.* at 12–16]; *see also Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Finally, Judge Starnella recommends that Claim Four be dismissed because (1) to the extent Plaintiff seeks monetary relief on this claim, such relief is unavailable under the Rehabilitation Act, [Doc. 42 at 17–18]; and (2) to the extent Plaintiff seeks injunctive relief,[3] the claim is moot because the BOP has built a wheelchair ramp that allows wheelchair users to access the recreation and psychology services areas, [*id.* at 18–20].

---

[2] Nurse Garcia is not named as a Defendant in this matter. *See* [Doc. 9 at 1].

[3] Judge Starnella notes that Plaintiff does not expressly seek any injunctive relief as to Claim Four. *See* [Doc. 42 at 16]; *see also* [Doc. 9 at 6, 10]. However, construing Plaintiff's filings liberally, and because Defendants made arguments about injunctive relief in their

## ANALYSIS

### I. Unchallenged Portions of the Recommendation

The Recommendation states that objections must be filed within fourteen days after service on the Parties. *See* [Doc. 42 at 20]; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on February 11, 2025, *see* [Doc. 42 at 21], and no Party has objected to Judge Starnella's recommendation that Claims Three and Four be dismissed. *See generally* [Doc. 43]. In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

The Court has reviewed Judge Starnella's analysis with respect to Claims Three and Four to satisfy itself that there is "no clear error on the face of the record."[4] Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Based on this review, the Court has concluded that this portion of the Recommendation is thorough, well-reasoned, and a correct application of the facts and the law. Accordingly, Judge Starnella's Recommendation as to Claims Three and Four is **ADOPTED**.

---

Motion to Dismiss, Judge Starnella considered the viability of injunctive relief for Claim Four. [Doc. 42 at 16].

[4] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

II.     **Plaintiff's Objections**

*Certificate of Review—Requirement.*   The Court first addresses Plaintiff's objection "to the finding concerning the need to confirm the injury by expert witnesses" and his argument that there "is no need to confirm injury when it is obvious to the layman when viewed"—i.e., Judge Starnella's conclusion that a certificate of review is required to support Claims One and Two.  *See* [Doc. 43 at 2].

Colorado law requires that, in all actions for damages arising out of alleged professional negligence, the plaintiff must file a "certificate of review for each . . . licensed professional named as a party."  Colo. Rev. Stat. § 13-20-602(1)(a).  A certificate of review is necessary if "(1) the plaintiff brings a claim of alleged professional negligence against a licensed professional, *and* (2) expert testimony is necessary to substantiate the claim."  *Sherman v. Klenke*, 653 F. App'x 580, 595 (10th Cir. 2016) (citing Colo. Rev. Stat. § 13-20-601).  In other words, if "the subject matter . . . lies within the ambit of common knowledge or experience of ordinary persons," then a certificate of review is not required. *Teiken v. Reynolds*, 904 P.2d 1387, 1389 (Colo. App. 1995).  However, "[i]t is only in unusual circumstances that a medical malpractice claim can be proven without the presentation of expert medical opinion to establish the proper standard of care against which the professional's conduct is to be measured."  *Shelton v. Penrose/St. Francis Healthcare Sys.*, 984 P.2d 623, 627 (Colo. 1999).

To the extent Plaintiff argues that a certificate of review is not required in this case because the subject matter of Claims One and Two lies within the common knowledge of laypersons, this argument was not raised in his Response to Defendants' Motion to Dismiss.  *See generally* [Doc. 35].  It is well established that arguments raised for the first

7

time in objections to a magistrate judge's recommendation are waived, *see Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996), and for this reason, Plaintiff's argument is not properly before the Court and is not sufficient to trigger de novo review.

Reviewing Judge Starnella's Recommendation to determine whether there is clear error on the face of the record, *Summers*, 927 F.2d at 1167, the Court finds no error in her analysis. "[M]atters relating to medical diagnosis and treatment ordinarily involve a level of technical knowledge and skill beyond the realm of lay knowledge and experience," such that expert testimony is required. *Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990). Indeed, the proper or acceptable course of medical treatment immediately after an injury does not "lie[] within the ambit of common knowledge or experience of ordinary persons." *Teiken*, 904 P.2d at 1389. The Court thus finds no error in Judge Starnella's analysis or conclusion that expert testimony would be required to demonstrate the appropriate standard of care for diagnosis or treatment and whether Dr. Colon, Dr. Conroy, or Nurse Garcia breached that standard of care. *See Melville*, 791 P.2d at 387 ("Unless the subject matter of a medical malpractice action lies within the ambit of common knowledge or experience of ordinary persons, the plaintiff must establish the controlling standard of care, as well as the defendant's failure to adhere to that standard, by expert opinion testimony."). Plaintiff's objection is thus respectfully **OVERRULED**.

***Certificate of Review—Contents.*** Relatedly, Plaintiff objects to Judge Starnella's recommendation that Claims One and Two be dismissed for failure to file a certificate of review by suggesting that he has complied with the requirement. [Doc. 43 at 1]. He asserts that (1) Dr. Colon postponed a follow-up appointment to evaluate his neck; (2) Nurse Garcia "made an appointment with Dr. Conroy" after viewing x-rays of Plaintiff's

8

neck; and (3) Dr. Conroy ordered an MRI of Plaintiff's cervical spine after viewing the x-rays. [*Id.*]. He argues that "all of the above mentioned persons are professionals in the medical field[] (Experts)." [*Id.*]. The Court construes this as an argument that because Plaintiff has alleged that these medical professionals had concerns about Plaintiff's neck injury, this is sufficient to comply with the certificate of review requirement. The Court respectfully disagrees.

A certificate of review must meet certain substantive requirements: it must declare "(1) that [the plaintiff] has consulted an expert, (2) that the expert both reviewed the relevant information and concluded that the claim does not lack 'substantial justification' as defined elsewhere, and (3) that the person consulted is competent and qualified to opine as to the negligent conduct alleged." *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.3d 75, 82 (Colo. 2001) (footnote omitted); *see also* Colo. Rev. Stat. § 13-20-602(3)(a). Plaintiff's *allegations* about how medical professionals reacted to Plaintiff's injury do not equate to a declaration affirming that an expert has reviewed the claim and concluded that the claim has substantial justification. Accordingly, to the extent Plaintiff argues that the allegations in his Second Amended Complaint satisfy the certificate of review requirement, this objection is respectfully **OVERRULED**.

**Summarized Statement.** Next, Plaintiff "objects to the summ[a]rized statement by the Magistrate Judge that [Plaintiff] told [Dr. Conroy] that [Plaintiff] injured [his] neck." [Doc. 43 at 2]. Plaintiff does not clearly identify which statement in the Recommendation he takes issue with or expound on this objection any further. *See* [*id.*]. As best as the Court can ascertain, Plaintiff may be referring to Judge Starnella's statement that Plaintiff "told Dr. Conroy that since he had injured his neck, he had 'lost feeling in [his] lips,

9

suffered from numbness in [his] arms and hands, and [had] dizziness at times for no apparent reason." [Doc. 42 at 2–3 (quoting [Doc. 9 at ¶ 6] (alterations in original))].

Plaintiff does not identify any particular issue he takes with this statement. *See generally* [Doc. 43]. Accordingly, he has not identified for the Court "those issues—factual and legal—that are at the heart of the . . . dispute." *One Parcel of Real Prop.*, 73 F.3d at 1060. His objection is therefore insufficient and is respectfully **OVERRULED**. *See Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) (explaining that an objection that "disputes only the correctness of the recommendation" but "does not point to any specific errors made by" the magistrate judge is insufficient); *see also* NYW Civ. Practice Standard 72.3(b) ("A party objecting to a Magistrate Judge's Recommendation must identify, with particularity, the specific portions of the Recommendation that are the basis for the Objection.").

**Medical Records and FOIA.** Plaintiff next "objects concerni[n]g the matters of denial of medical records, (X-rays)[,] and the denial [pursuant] to Title 5 USC 552(FOIA)." [Doc. 43 at 2]. The Court notes that Defendants do not seek dismissal of Plaintiff's FOIA claim, *see* [Doc. 29 at 1], and so the Recommendation does not contain any analysis of or recommendation with respect to Claim Five, *see generally* [Doc. 42]; *see also* [*id.* at 20 n.6 ("If this Recommendation is adopted in full, only Claim Five (FOIA) will remain.")]. Accordingly, the Court is respectfully unable to ascertain any actionable objection to the Recommendation with respect to Plaintiff's FOIA claim. *Jones*, 2024 WL 358098, at *3. This objection is respectfully **OVERRULED**.

**Delay in Treatment.** Next, Plaintiff "objects concerning the delay of more than a year passing after the MRI was administered follow[ing] the injury." [Doc. 43 at 2].

10

Though Plaintiff is unhappy with the medical treatment he has received, his objection does not identify any portion of Judge Starnella's Recommendation subject to objection. *Jones*, 2024 WL 358098, at *3. Accordingly, this objection is respectfully **OVERRULED**.

***Other Requests.*** Finally, Mr. Singletary asks the Court "for appointment of counsel to protect his rights" pursuant to "Rule 6." [Doc. 43 at 2]. He also "moves the court for permission to expand the records to include the denied records previously requested." [*Id.* at 2]. The Court understands Plaintiff to be referring to Rules 6 and 7 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 6 states that "[i]f necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts. And Rule 7 states that "[i]f the [habeas] petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." Rule 7(a), Rules Governing Section 2254 Cases in the United States District Courts.

Because these requests are raised under habeas rules, which are not applicable to this civil action, the Court respectfully declines to address Plaintiff's requests. *See also* D.C.COLO.LCivR 7.1(d) (explaining that requests for relief must be presented to the Court in a formal motion, rather than in a responsive document). To the extent Plaintiff seeks any sort of relief related to his habeas petition, he must file a motion in his habeas case, with the correct case number—24-cv-03576-RTG—in the filing.[5]

---

[5] Although Plaintiff's habeas case is not filed pursuant to 28 U.S.C. § 2254, *see Singletary v. Williams*, No. 24-cv-03576-RTG, ECF No. 4 at 1 (D. Colo. Jan. 22, 2025), a "district court may apply any or all of these rules to a habeas corpus petition not [brought under § 2254]." *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

## CONCLUSION

For the reasons explained above, **IT IS ORDERED** that:

(1) Plaintiff's Objections to the Recommendation of United States Magistrate Judge [Doc. 43] are **OVERRULED**;

(2) The Recommendation of United States Magistrate Judge [Doc. 42] is **ADOPTED**;

(3) Defendants' Partial Motion to Dismiss Second Amended Complaint [Doc. 29] is **GRANTED**;

(4) Plaintiff's Claims One, Two, and Four are **DISMISSED without prejudice**; and

(5) Claim Three is **DISMISSED with prejudice**.

DATED:  March 5, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge