**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 24-cv-00145-NYW-KAS

RUSSELL SINGLETARY,

    Plaintiff,

v.

BUREAU OF PRISONS,

    Defendant.

---

## ORDER

---

This matter is before the Court on the Motion for Reconsideration (or the "Motion") filed on April 7, 2025 by Plaintiff Russell Singletary ("Plaintiff" or "Mr. Singletary"). [Doc. 49]. Plaintiff asks this Court to reconsider its March 5, 2025 order adopting the Recommendation of the Honorable Kathryn A. Starnella. *See* [*id.* at 1]; *see also* [Doc. 44 ("the Court's March 5 order")].

The Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). As a general principle, courts grant motions to reconsider where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Motions to reconsider are generally an inappropriate vehicle to advance 'new arguments, or supporting facts which were available at the time of the original motion.'" *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June

5, 2015) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).  "[T]he decision to grant reconsideration is committed to the sound discretion of the district court."  *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

On February 11, 2025, Judge Starnella issued a Recommendation recommending that four of Plaintiff's five then-pending claims be dismissed, leaving only his claim under the Freedom of Information Act.  *See* [Doc. 42].  Among other things, Judge Starnella recommended that Plaintiff's negligence claims be dismissed for failure to file a certificate of review as required by Colorado law.  [*Id.* at 6–11].  On February 26, 2025, Plaintiff filed a "response to Magistrate Judge Kathryn A. Starnella" wherein he "object[ed] [to] the finding of failure to file for a review certificate" and "object[ed] to the finding concerning the need to confirm the injury by expert witnesses."  [Doc. 43 at 1–2].  He also objected to the "summ[a]rized statement by the Magistrate Judge that [Plaintiff] told [Dr. Conroy] that [Plaintiff] injured [his] neck," [*id.* at 2], which the Court construed as directed to Judge Starnella's recitation of the facts, wherein she stated that Plaintiff "told Dr. Conroy that since he had injured his neck, he had 'lost feeling in [his] lips, suffered from numbness in [his] arms and hands, and [had] dizziness at times for no apparent reason," [Doc. 42 at 2–3 (quoting [Doc. 9 at ¶ 6] (alterations in original))]; *see also* [Doc. 44 at 9–10].  On March 3, 2025, the Court overruled Plaintiff's objections and adopted Judge Starnella's Recommendation.  *See* [Doc. 44].

In his Motion for Reconsideration, Mr. Singletary states that he did not receive the Magistrate Judge's Recommendation until February 24, 2025 and did not have an opportunity to "respond, argue, or object per court standards" prior to this Court's March 5

order adopting the Recommendation. [Doc. 49 at 1]. He states that he "does so here in [his] motion to reconsider." [*Id.*].

To the extent Plaintiff suggests that he was not given an opportunity to object to Judge Starnella's Recommendation, the Court observes that his February 26 filing was expressly directed to, and referenced, Judge Starnella's Recommendation, and specifically raised "object[ions]" to the Recommendation. *See* [Doc. 43 at 1–3]. Indeed, he expressly challenged Judge Starnella's finding that a certificate of review is required for his negligence claims. [*Id.* at 1]. Given this, it is unclear to the Court how else Mr. Singletary's filing could be construed if not construed as an objection to the Recommendation.

Even considering the arguments raised in the Motion for Reconsideration, Plaintiff has not identified any issues in the Recommendation warranting de novo review. He argues generally about the merits of some of his claims, [Doc. 49 at 2–3], but he does not identify any specific portions of the Magistrate Judge's Recommendation that he believes to be in error, *see generally* [*id.*]. This is insufficient to identify "those issues—factual and legal—that are at the heart of the . . . dispute" so as to warrant de novo review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."); *see also Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) (explaining that an objection that "disputes only the correctness of the recommendation" but "does not point to any specific errors made by" the magistrate judge is insufficient); NYW Civ. Practice Standard 72.3(b) ("A party

3

objecting to a Magistrate Judge's Recommendation must identify, with particularity, the specific portions of the Recommendation that are the basis for the Objection."). Moreover, some of Plaintiff's arguments were already raised in his February 26 filing and have already been addressed by the Court. *Compare* [Doc. 49 at 2 (Plaintiff arguing that he has alleged that two doctors "performed actions in this matter" and that "[e]ach had expertise")], *with* [Doc. 44 at 8–9 (this Court considering and rejecting Plaintiff's argument that a certificate of review was not required because "Plaintiff's *allegations* about how medical professionals reacted to Plaintiff's injury do not equate to a declaration affirming that an expert has reviewed the claim and concluded that the claim has substantial justification")]. And to the extent that he contests the fact that the Court did not appoint him counsel, and the lack of counsel is a basis for reconsideration, this Court—though it acknowledges that proceeding pro se may be difficult for a non-attorney—respectfully disagrees that Mr. Singletary is entitled to counsel or that the appointment of counsel in this action is in the interest of justice. *See* [Doc. 41]; *Steffey v. Orman*, 461 F.3d 1218, 1220, 1223–24 (10th Cir. 2006).

Upon review of the Motion for Reconsideration, the Court concludes that Plaintiff has not identified an intervening change in the law, new evidence, or a need to correct clear error that would warrant reconsideration of the Court's prior order. *Servants of Paraclete*, 204 F.3d at 1012. The Motion is therefore respectfully **DENIED**.

Finally, to the extent Plaintiff "request[s] permission to file a 3rd Amended complaint in all the above issues in this entitled case," [Doc. 49 at 3], this request is respectfully **DENIED without prejudice**. If Plaintiff seeks leave of Court to file an amended complaint, he must seek that leave through a separate motion to amend, rather

4

than embed the request in his Motion for Reconsideration. *See* NYW Civ. Practice Standard 7.1A(a)(5) ("All requests for the Court to take distinct actions must be contained in <u>separate</u>, written motions." (emphasis added)). Moreover, the Local Rules set forth certain requirements for filing a motion to amend, including a requirement that the movant must file a proposed amended complaint with the motion to amend. *See* D.C.COLO.LCivR 15.1(b). The Court cannot rule on a request to amend the complaint without seeing Plaintiff's proposed amendments, understanding Plaintiff's arguments in favor of amendment, and permitting Defendants an opportunity to respond.

Accordingly, it is **ORDERED** that:

(1)  The Motion for Reconsideration [Doc. 49] is **DENIED**;

(2)  Any request to further amend the Amended Complaint must be made through a formal motion to amend that complies with the Local Rules; and

(3)  A copy of this Order shall be sent to:

Russell Singletary
4715 Brewer Place
Leavenworth, KS 66048

DATED: May 28, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

5